# ORIGINAL

# In the United States Court of Federal Claims

No. 15-213T
(Filed: September 9, 2015)
(Reissued: October 14, 2015)[*]

**FILED**

OCT 1 4 2015

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
ALAN DAVID COOPER,                    *
                                      *
              Plaintiff,              *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
*************************************
```

Motion to Dismiss; Jurisdiction; Pro Se
Plaintiff; Tax Refund; Waltner; Tax Levy;
Civil Penalties

Alan David Cooper, Eau Claire, WI, pro se.

Karen Servidea, United States Department of Justice, Washington, DC, for respondent.

## OPINION AND ORDER

**SWEENEY**, Judge

Plaintiff Alan David Cooper, proceeding pro se, filed a complaint and an application to proceed in forma pauperis on March 3, 2015. In his complaint, plaintiff alleges that he is entitled to a refund of all of the federal income taxes that he paid from 1964 to 2013. He further contends that the Internal Revenue Service ("IRS") has been unlawfully levying his Social Security payments since 2011, and that IRS agents have been engaged in an ongoing conspiracy against him.

Before defendant had an opportunity to respond to plaintiff's allegations, plaintiff filed a combined motion for judgment on the pleadings and motion for partial summary judgment, as well as a motion to suspend the levy on his Social Security payments. Defendant subsequently moved to dismiss plaintiff's complaint. For the reasons set forth below, the court grants plaintiff's application to proceed in forma pauperis and grants defendant's motion to dismiss. Plaintiff's motions for judgment on the pleadings, partial summary judgment, and suspension of the levy are, therefore, moot.

---

[*] Pursuant to the court's October 14, 2015 Order, this decision replaces the court's September 9, 2015 Opinion and Order.

## I. BACKGROUND

Plaintiff's tax refund claim and related allegations are premised on his belief that because he was a private citizen who worked for private companies from 1964 to 2013, he was never paid "wages" as that term is defined in the Internal Revenue Code ("IRC").[1]  Therefore, plaintiff contends, he did not owe any federal income taxes and should not have been subject to federal income tax withholding during those years.

Acting on his beliefs, beginning in May 2010, plaintiff repeatedly filed amended federal income tax returns for tax years 1989, 1998, and 2002 to 2013.  Indeed, plaintiff has submitted at least thirty-eight amended returns to the IRS since May 2010.  Plaintiff attached to his complaint the amended returns that he sent to the IRS on June 28, 2013, and May 2, 2014, on which he reported the following information:[2]

| Tax Year(s) | Original Adjusted Gross Income | Corrected Adjusted Gross Income | Corrected Tax Liability | Corrected Payments | Refund Due |
|---|---|---|---|---|---|
| 1964-2013 | n/a | $0 | $0 | $271,366 | $271,366 |
| 1998 | $7254 | $0 | $0 | $1461 | $1461 |
| 1999 | $0 | $0 | $0 | $0 | $0 |
| 2000 | $0 | $0 | $0 | $0 | $0 |
| 2001 | $13,343 | $0 | $0 | $462 | $462 |
| 2002 | $9006 | $0 | $0 | $338 | $338 |
| 2003 | $0 | $0 | $0 | $0 | $0 |
| 2004 | n/a | $0 | $0 | $0 | $0 |
| 2005 | $18,917 | $0 | $0 | $1814 | $1814 |
| 2006 | $32,184 | $0 | $0 | $2837 | $2837 |

[1]  The court derives the facts in this section from plaintiff's complaint, the exhibits attached to plaintiff's complaint, and the exhibits attached to defendant's motion to dismiss and reply in support of that motion.

[2]  Except for the amended return that he submitted for the 1964 to 2013 tax years collectively, plaintiff only provided the court with the first page of the amended returns.

| 2007 | $32,280 | $0 | $0 | $3051 | $3051 |
| 2008 | $36,753 | $0 | $0 | $3678 | $3678 |
| 2009 | $21,210 | $0 | $0 | $3611 | $3611 |
| 2010 | n/a | $0 | $0 | $0 | $0 |
| 2011 | $4390 | $0 | $0 | $1129 | $1129 |
| 2012 | $13,861 | $0 | $0 | $7350 | $7350 |
| 2013 | $14,169 | $0 | $0 | $9538 | $9538 |

Along with each of these amended returns, plaintiff submitted a Form 4852, "Substitute for Form W-2, Wage and Tax Statement," reflecting receipt of zero income from the named employer. On each Form 4852, he indicated that he did not attempt to obtain a corrected Form W-2 from the employer, and on all but one Form 4852 he typed the following statement:

> This Form 4582 is submitted to rebut, and correct information on, a document known to have been submitted to IRS by the party above as "Payer", erroneously alleging that I received payments from them in the course of a trade or business or other taxable activity. The payments made to me by this payer did not result from any taxable activity, "excise type or otherwise" and do not constitute any taxable income under relevant law.

> I mistakenly included their incorrect W-2 with my . . . original 1040 and/or previous 1040-X return(s), resulting in an incorrect amount of taxable income declared, [and or causing a penalty provision in error] and this is the reason I am now filing an Amended return 1040X . . . to correct the record.

The IRS apparently treated all of plaintiff's amended returns as frivolous, and assessed a civil penalty, usually $5000, for each one plaintiff submitted. By May 2015, plaintiff owed the IRS $131,864.92 in civil penalties and interest, with balances due for the following tax years: 1989, 2005, and 2007 to 2013.[3]

Due to plaintiff's failure to pay the assessed civil penalties, the IRS began to levy plaintiff's Social Security payments in 2011. In the most recent tax year, 2014, plaintiff was entitled to $21,586 in Social Security benefits. Of that amount, the IRS received $19,963.80 and the balance was used to pay plaintiff's Medicare premiums.

---

[3] Plaintiff also incurred civil penalties for the 1998, 2002, 2003, 2004, and 2006 tax years. However, these debts were subsequently discharged in bankruptcy.

In his complaint, plaintiff alleges that the IRS and the Social Security Administration have conspired to deprive him of his property. He further claims that the IRS unlawfully levied his Social Security payments over thirty-four months from 2011 to 2015. He seeks treble damages for the purportedly unlawful levy under the Administrative Procedure Act and $100,000 for each individual deduction from his Social Security payments under the IRC. Moreover, plaintiff requests $1,000,000 in damages for an alleged ongoing conspiracy against him by unnamed IRS agents. Finally, plaintiff requests the return of $307,376.26 that he has paid in federal income taxes and civil penalties.

Plaintiff moves for judgment on the pleadings and for partial summary judgment, and also seeks the suspension of the IRS levy. Defendant opposes plaintiff's motions and seeks the dismissal of plaintiff's complaint pursuant to Rule 12(b) of the Rules of the United States Court of Federal Claims ("RCFC"). All of the motions have been fully briefed and the court deems oral argument unnecessary.

## II. DEFENDANT'S MOTION TO DISMISS

Because defendant challenges the court's jurisdiction to entertain plaintiff's complaint, the court first addresses defendant's motion to dismiss.[4]

### A. Standard of Review

Defendant moves to dismiss plaintiff's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). Plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, id. at 799, even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In other words, a plaintiff proceeding pro se is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the

---

[4] Defendant also challenges plaintiff's ability to state a claim upon which relief could be granted pursuant to RCFC 12(b)(6). Because the court disposes of plaintiff's complaint on jurisdictional grounds under RCFC 12(b)(1), the court need not reach this challenge.

court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## C. The United States Is the Only Proper Defendant

The court first addresses plaintiff's claims against the unnamed IRS agents. It is well settled that the United States is the only proper defendant in the Court of Federal Claims. See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). This court does not possess jurisdiction to hear claims against individual federal government officials. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Moreover, a claim that IRS employees engaged in the unauthorized collection of taxes pursuant to IRC § 7433 must be brought in a federal district court, and the Court of Federal Claims is not a district court. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam); Alford v. United States, 3 Cl. Ct. 229, 230 (1983). Accordingly, the court dismisses plaintiff's claims against the unnamed IRS agents for lack of jurisdiction.

## D. The Court Lacks Jurisdiction to Entertain Plaintiff's Tax Refund Claim

Plaintiff's tax refund claim is also not properly before the court. Congress has explicitly waived sovereign immunity for tax refund suits. 26 U.S.C. § 7422 (2012); 28 U.S.C.

§ 1346(a)(1); Chi. Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994). However, the jurisdiction of the Court of Federal Claims to entertain tax refund suits is limited to those situations where the taxpayer has complied with the provisions of the IRC.  See 26 U.S.C. § 7422(a); United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008); Chi. Milwaukee Corp., 40 F.3d at 374.

Under the IRC, a taxpayer may not file a tax refund suit "until a claim for refund or credit has been duly filed with the [IRS], according to the provisions of law in that regard, and the regulations of the Secretary [of the United States Department of the Treasury] established in pursuance thereof."  26 U.S.C. § 7422(a).  To be "duly filed":

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.  The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury.  A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1) (2015).  A claim for the refund of individual income taxes must be made on a Form 1040X, "Amended U.S. Individual Income Tax Return," id. § 301.6402-3(a)(1) to (2), that has been "properly executed," id. § 301.6402-3(a)(5).  A claim for the refund of penalties must be made on Form 843, "Claim for Refund and Request for Abatement."  Id. § 301.6402-2(c).

Plaintiff has not established that he has filed any valid claims for refund with the IRS.  As an initial matter, plaintiff did not note an overpayment of taxes on the amended returns attached to his complaint for tax years 1999, 2000, 2003, 2004, and 2010.  Consequently, those amended returns did not include requests for a refund.  Because such a request is a necessary element of a claim for refund, these amended returns cannot constitute duly filed refund claims.

In addition, the amended returns and substitute W-2s that plaintiff attached to his complaint for the remaining tax years are substantially similar to those described in Waltner v. United States, 679 F.3d 1329 (Fed. Cir. 2012).  The taxpayers in Waltner filed amended income tax returns and substitute W-2s on which they reported zero income, directly contradicting the information provided on their original income tax returns and the W-2s that their employers provided to the IRS.  Id. at 1330-31, 1334.  Moreover, the taxpayers took no action to obtain corrected W-2s that might corroborate their claims of zero income.  Id.  The United States Court of Appeals for the Federal Circuit noted these facts and concluded that "the taxpayers' amended returns . . . do not implicate an 'honest and reasonable intent to supply information required by the tax code' or rise to the level of specificity required by regulation."  Id. at 1334 (quoting United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980)).  It therefore held that "[n]one of the forms submitted by the taxpayers constitute[d] 'properly executed' returns that [could] serve as claims for refund over which the Court of Federal Claims has jurisdiction."  Id. (quoting 26

C.F.R. § 301.6402-3(a)(5)).  In this case, plaintiff submitted to the IRS amended income tax returns reflecting zero adjusted gross income and zero tax liability, contradicting his earlier filed returns.  Plaintiff also submitted substitute W-2s reporting zero income and reflecting that he had not attempted to obtain corrected W-2s from the original issuers.  Accordingly, like the taxpayers in Waltner, plaintiff has not filed valid claims for refund with the IRS for these tax years.

### E.  The Court Lacks Jurisdiction to Entertain Plaintiff's Challenges to the IRS's Levy

Plaintiff's only remaining claims are his challenges to the IRS's levy of his Social Security payments.  Broadly construing the allegations in the complaint, plaintiff appears to be advancing the following arguments with respect to the levy:  (1) the IRS unlawfully imposed the levy, (2) the IRS is unlawfully collecting his unpaid civil penalties from the Social Security Administration pursuant to the levy, (3) the IRS should refund the funds it collected from the Social Security Administration pursuant to the levy, (4) the IRS and the Social Security Administration conspired to deprive him of his property, and (5) he is entitled to damages under the Administrative Procedure Act and IRC § 7434.  The court does not possess jurisdiction to entertain any of these arguments.

### 1.  Imposition of the Levy

Plaintiff first contends that the IRS unlawfully imposed its levy.  The IRS derives its authority to levy property to recover unpaid taxes from IRC § 6331:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a).  The procedures to challenge a levy are set forth in IRC § 6330.  First, a taxpayer must request a hearing before the IRS Office of Appeals within thirty days of receiving notice of the levy.  Id. § 6330(a).  Once the IRS Office of Appeals makes a determination, the taxpayer has thirty days to appeal the determination to the United States Tax Court.  Id. § 6330(d).  The IRC does not authorize taxpayers to challenge the IRS's imposition of a levy in the Court of Federal Claims.  Accordingly, the court lacks jurisdiction to entertain such a challenge.

### 2.  Collection of the Civil Penalties Pursuant to the Levy

Plaintiff next challenges the IRS's collection of the civil penalties it imposed pursuant to the levy.  In other words, plaintiff is seeking to enjoin the IRS's collection activities.  However, the Anti-Injunction Act provides that except in limited circumstances not relevant here, "no suit

for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." Id. § 7421(a); Stiles v. United States, 47 Fed. Cl. 1, 2 (2000) ("The Anti-Injunction Act provides that once a tax has been assessed, a taxpayer is powerless to prevent the [IRS] from collecting that tax."); cf. Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974) (noting that the "principal purpose" of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund'" (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6 (1962))).  Consequently, the court lacks jurisdiction to award the equitable relief that plaintiff requests.  Accord Ledford, 297 F.3d at 1382 (explaining that "no statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding," and noting that IRC § 7421, in most situations, "flatly prohibits" courts from providing such relief); Schlabach v. United States, 97 Fed. Cl. 232, 234 (2011) ("This court's equitable authority does not allow the court to enjoin the IRS from collection of penalties or taxes even if the IRS' assessment and collection is tied directly to a claim for a refund that is properly before the court."); Sanders v. United States, 34 Fed. Cl. 38, 48 (1995) ("Nowhere in the text of 26 U.S.C. § 7421 is there an unequivocal and express waiver of sovereign immunity."); see also Bowen v. Massachusetts, 487 U.S. 879, 905 (1988) ("The Claims Court does not have the general equitable powers of a district court to grant prospective relief.  Indeed, we have stated categorically that 'the Court of Claims has no power to grant equitable relief.'" (quoting Richardson v. Morris, 409 U.S. 464, 465 (1973) (per curiam))); Brown, 105 F.3d at 624 ("The Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief.").

### 3.  Refunding the Levied Funds

Third, plaintiff seeks a refund of all of the funds that the IRS obtained from the Social Security Administration to satisfy plaintiff's unpaid civil penalties.  However, a taxpayer seeking a refund of civil penalties must submit a Form 843 to the IRS, 26 C.F.R. § 301.6402-2(c), and plaintiff has not provided any evidence indicating that he has complied with that requirement.  Furthermore, to maintain a tax refund suit in the Court of Federal Claims, a taxpayer must first fully pay the taxes at issue.  Flora v. United States, 362 U.S. 145, 177 (1960).  Similarly, if a taxpayer's liability consists only of unpaid civil penalties, then the taxpayer must fully pay the civil penalties at issue before filing suit.  Shore v. United States, 9 F.3d 1524, 1527-28 (Fed. Cir. 1993).  Plaintiff has provided no evidence that he has paid any of the civil penalties for any tax year in full.  Accordingly, the court lacks jurisdiction to entertain plaintiff's request to recover the funds that the IRS obtained by levy to collect the assessed civil penalties.

### 4.  Conspiracy

Next, plaintiff contends that the IRS and the Social Security Administration conspired against him to deprive him of his property.  But because conspiracy claims sound in tort, the Court of Federal Claims lacks jurisdiction to entertain them.  Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979) ("Clearly [conspiracy] claims sounds in tort, and we have no jurisdiction

to hear such claims."); see also 28 U.S.C. § 1491(a)(1) (excluding claims sounding in tort from the jurisdiction of the Court of Federal Claims).

### 5. Damages Under the Administrative Procedure Act and IRC § 7434

Finally, plaintiff alleges that he is entitled to treble damages under the Administrative Procedure Act for the purported unlawful levy and $100,000 in damages for each deduction from his Social Security payments pursuant to IRC § 7434. However, the Court of Federal Claims lacks jurisdiction to grant relief pursuant to the Administrative Procedure Act. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (noting that the court "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and grant relief pursuant to the Administrative Procedure Act"); accord Century Exploration New Orleans, LLC v. United States, 745 F.3d 1168, 1179-80 (Fed. Cir. 2014); Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1370 n.11 (Fed. Cir. 2005). And, this court lacks jurisdiction to entertain suits under IRC § 7434 because that statute provides for taxpayer suits against individuals who willfully file fraudulent tax returns, and not for taxpayer suits against the United States. See 26 U.S.C. § 7434(a). As noted above, this court may only entertain suits against the United States. See 28 U.S.C. § 1491(a)(1); RCFC 10(a); Stephenson, 58 Fed. Cl. at 190.

### F. Conclusion

The court has concluded that it does not possess jurisdiction to entertain any of plaintiff's claims. As a result, it cannot address plaintiff's motion for judgment on the pleadings, motion for summary judgment, or motion to suspend the IRS levy.

### III. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive filing fees and security under certain circumstances. See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives his filing fee.

### IV. CONCLUSION

As explained above, the court **GRANTS** plaintiff's application to proceed in forma pauperis, **GRANTS** defendant's motion to dismiss, and **DISMISSES** plaintiff's complaint for lack of jurisdiction. Plaintiff's motions for judgment on the pleadings, partial summary

judgment, and suspension of the levy are **DENIED** as **MOOT**.  No costs.  The clerk shall enter judgment accordingly.

   **IT IS SO ORDERED.**

                                   _____
                                   MARGARET M. SWEENEY
                                   Judge